IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ADAM LEE,<br><br>　　　　　　Appellant,<br><br>vs.<br><br>ENVER W. PAINTER, JR.,<br><br>　　　　　　Appellee. | CIV. NO. 19-00522 JMS-WRP<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO PROSECUTE |

## ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO PROSECUTE

### I. INTRODUCTION

On September 25, 2019, pro se Appellant Adam Lee ("Appellant") filed in the United States Bankruptcy Court for the District of Hawaii ("Bankruptcy Court") his appeal of the Bankruptcy Court's September 18, 2019 "Amended Notice of Entry of Order of Judgment," which provided notice that on August 29, 2019, the Bankruptcy Court (1) entered an "Order Granting First Interim Application By General Counsel to Chapter 7 Trustees for Allowance of Compensation and Reimbursement of Expenses," and (2) modified such order. ECF No. 1-1. The Bankruptcy Court transmitted the Appeal to this court on September 27, 2019. ECF No. 1.

Appellant has since failed to comply with court briefing deadlines and orders to respond and/or appear in this case. As a result, and as explained below, the court DISMISSES this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

## II. **BACKGROUND**

As set forth above, the Bankruptcy Court transmitted Appellant's appeal to this court on September 27, 2019. ECF No. 1. On October 12, 2019, Appellee Enver W. Painter, Jr. ("Appellee") filed a Motion to Dismiss the Appeal arguing that this court lacks appellate jurisdiction. ECF No. 3. Pursuant to an October 15, 2019 Entering Order, this court directed the parties to file briefing on the jurisdictional issue only and held in abeyance briefing on the merits of the appeal. ECF No. 4. The court directed Appellant to file his opposition by November 4, 2019, and Appellee to file an optional reply by November 12, 2019. *Id.*

Appellant failed to file an opposition. On November 8, 2019, the court ordered Appellant to file a written response by November 25, 2019 stating whether he intends to oppose the Motion to Dismiss and if so, why he failed to meet the November 4, 2019 deadline ("Order to Show Cause"). ECF No. 6. The court warned Appellant that failure to file a response by November 25, 2019 may result in automatic dismissal of his appeal for failure to prosecute. *Id.*

Appellant failed to file a response to the Order to Show Cause. On November 29, 2019, the court ordered Appellant to appear personally on January 3, 2020 to show cause why this action should not be dismissed for failure to prosecute, or if he does not wish to proceed with this action, to file a notice of dismissal by January 2, 2020 ("Order Setting OSC Hearing"). ECF No. 7.

The same day each order was filed, a copy was mailed to Appellant at the address he provided on his appeal: 4348 Waialae Ave. #285, Honolulu, Hawaii 96816. No mailing was returned to the court as undeliverable.

Appellant neither filed a notice of dismissal nor appeared for the January 3, 2020 hearing.

### III. **DISCUSSION**

Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order."[1] *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). And "[i]t is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962)). To determine whether dismissal

---

[1] The Local Rules of Practice for the United States District Court for the District of Hawaii also authorize the imposition of sanctions, including, if appropriate, dismissal, when a party fails to comply with any of its provisions. *See* Local Rule 11.1 ("Failure of counsel or a party to comply with any provision of the Local Rules is a ground for imposition of appropriate sanctions, including a fine or dismissal.").

3

is warranted, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citations omitted); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Weighing these factors, the court finds that dismissal with prejudice is warranted. First, given Appellant's utter failure to participate in this action, despite numerous warnings by the court, the public's interest in expeditious resolution of litigation strongly favors dismissal. Specifically, Appellant failed to (1) file an opposition to Appellee's Motion to Dismiss, (2) respond to the Order to Show Cause, (3) appear at the January 3, 2020 Order to Show Cause hearing, and (4) notify the court in any manner whatsoever as to his intentions regarding this action. Second, Appellant's failure to participate interferes with the court's ability to manage its docket—this case has been placed in limbo, with the court deferring a ruling on whether it even has jurisdiction and having no assurances that Appellant intends to proceed with this action going forward. Thus, this factor strongly favors dismissal. Third, the risk of prejudice to Appellee weighs in favor of dismissal—Appellant's inaction has impaired Appellee's ability to proceed

toward the resolution of this action. Fourth, imposing less drastic sanctions would be futile given Appellant's failure to respond to all prior court orders and failure to appear or otherwise indicate his intention to proceed with this action, despite the court's warning that such failures could result in dismissal. Thus, the fourth factor strongly favors dismissal. Finally, although public policy generally favors disposition of cases on their merits, under the circumstances, this factor is outweighed by the other four factors favoring dismissal.

The court therefore finds that this action should be dismissed due to Appellant's failure to prosecute. *See In re Eisen*, 31 F.3d 1447, 1451-56 (9th Cir. 1994) (discussing factors and affirming dismissal of for failure to prosecute); *see also In re Scarlett*, 745 F. App'x 5 (9th Cir. 2018) (Mem.) (citing *In re Eisen* and affirming district court's dismissal of bankruptcy appeal for failure to prosecute where district court warned that appellant's failure to comply with court-ordered filing deadlines would result in dismissal of his appeal). Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." And based on the circumstances here—Appellant's utter failure to participate, Appellee's expenditure of time and money to defend this appeal, and the futility of imposing lesser sanctions—the court finds that dismissal with prejudice is warranted. *See, e.g.*, *Amina v. WMC Mortg. Corp.*, 554 F. App'x 555, 555 (9th Cir. 2014) (Mem.) (affirming dismissal

with prejudice for failure to prosecute where Plaintiffs "repeatedly" failed to comply with obligations in prosecuting case despite being warned that if they failed to comply with such obligations, the action might be dismissed); *McGruder v. Cty of L.A.*, 2019 WL 7304806, at *1-2 (C.D. Cal. Dec. 30, 2019) (dismissing actions with prejudice for failure to prosecute where four of the required factors favored dismissal and the plaintiff was warned that his failure to comply could result in dismissal).

## IV. CONCLUSION

Based on the foregoing, this action is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b) due to Appellant's failure to prosecute. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 6, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Lee v. Painter*, Civ. No. 19-00522 JMS-WRP, Order Dismissing Action With Prejudice for Failure to Prosecute